UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RONNIE QUENTIN BROWN<br>Plaintiff, | ]<br>] |
| v. | ] No. 1:12-0083<br>] JUDGE HAYNES |
| JIMMY BROWN, et al.<br>Defendants. | ]<br>] |

MEMORANDUM

Plaintiff, Ronnie Quentin Brown, an inmate at the Lawrence County Jail in Lawrenceburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants Jimmy Brown and Daniel Kellum, members of the Lawrence County Jail staff; and the Lawrence County Jail. Plaintiff seeks damages for an alleged denial of medical care.

According to the Statement of Facts in his complaint, Plaintiff alleges as follows :

> In November 2011, I was injured by two inmates in Jail. I was not properly treated and now suffer from seizures. I'm still currently in the Jail. I'm still asking for medical attention and am not receiving any. They won't give me any request or grievances back when I ask for them. I can't get the Jail to do anything. There was a police report made and I've sent numerous med request and nothing has been done. I'm suing for negligence. I can't get any help filling out my papers. I have few grievances. I need a lawyer to help me. Please help me.

(Docket Entry No. 1, Complaint at 5)

Pro se pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). A Plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells v. Brown, 891

F.2d 591, 594 (6th Cir. 1989). Plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

Here, the Lawrence County Jail is not a person that can be sued in a Section 1983 action. Thus, the Defendant Lawrence County Jail is **DISMISSED** as a party in this action. Easly v. Cheatham County Jail, 3:09cv-00537 2009 WL 2038139 (M.D. Tenn. July 9, 2009).

As to the individual Defendants, Plaintiff does not describe specific acts of each Defendant, but Plaintiff clearly alleges that he suffers from seizures and that he has been denied medical care for his seizures. An actual seizure represents a serious medical condition that can state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 106 (1976); City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983).

The Court concludes a frivolity hearing is necessary to resolve this claim. The hearing will be held at the federal Courthouse in Columbia, Tennessee.

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief United States District Judge
8-10-12